IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tommy Algathen Allen, | ) | Civil Action No. 7:04-0052-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BMW Manufacturing/TSI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Tommy Algathen Allen, filed a verified *pro se* complaint[1] on January 7, 2004, alleging a cause of action for violation of the American with Disabilities Act of 1990 ("ADA"), as amended, against the defendant BMW Manufacturing, his former employer.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On March 11, 2005, the defendant filed a motion for summary judgment. The plaintiff filed a response in opposition to the motion for summary judgment on March 29, 2005. The defendant filed a reply on April 8, 2005.

On April 25, 2005, the Magistrate Judge filed a detailed and comprehensive Report and Recommendation. In the Report, after analyzing the applicable law and the plaintiff's allegations, the Magistrate Judge finds that the plaintiff cannot show that he was "regarded as" disabled. Thus, the Magistrate Judge recommends to this court that the defendant's motion for summary judgment be granted. The plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on May 17, 2005.

The Magistrate Judge only makes a recommendation to this court. The recommendation has

---

[1] After filing the complaint, the plaintiff retained counsel and is no longer proceeding *pro se*.

no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

As stated above, the plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. The first section of the plaintiff's objection is as follows:

> The Magistrate Judge has concluded that Plaintiff cannot show that he was "regarded as" disabled and therefore summary judgment should be granted to Defendant. The Magistrate Judge contends that it is not clear as to what major life activities Plaintiff was complaining of. The major life activities as noted in the Report, cited by the Magistrate from 29 C.F.R. Section 16-30-2-1 include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. Therefore inasmuch as the Plaintiff was not allowed to perform his function at BMW, the major life activities would be performing manual tasks and working.

Objection to Report of Magistrate Judge, Entry #24, p. 1.

The court notes that the Magistrate Judge states in the Report and Recommendation that "[i]n this case, it is unclear in what major life activities the plaintiff contends that the defendant regarded him as being disabled, though it can be presumed that his main assertion is that he was perceived by BMW as being substantially limited in the major life activity of working."[2]

---

[2] In the plaintiff's response in opposition to the motion for summary judgment, the plaintiff simply states that "[i]t was perceived by Defendant that Plaintiff had carpal tunnel syndrome." Plaintiff's Memo, Entry #21, p. 2.

2

Thus, this court finds that the above recited section of the plaintiff's objection is not actually an objection, it is simply a confirmation of what the Magistrate Judge had already presumed. That being, the plaintiff contends that the defendant regarded him as being disabled in the major life activity of working.

The last section of the plaintiff's objection is as follows:

> It is clear from the report of Dr. Zimmerman that because of the complaint of carpal tunnel syndrome that Plaintiff was advised that there were no jobs that he could perform at BMW. Based on that fact alone, the Motion for Summary Judgment should be denied.

Objection to Report of Magistrate Judge, Entry #24, p. 2.

Significantly, this section of the objection does not satisfy the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[3] Plaintiff points to no findings in the Report and Recommendation to which he takes specific objection. Without specific objection to the Magistrate Judge's reasoning, this court does not have to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file

---

[3] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

3

specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

However, if plaintiff is arguing that summary judgment should be denied because there were no jobs that he could perform at BMW manufacturing, the court finds that this argument is without merit. As the Magistrate Judge states in the Report, an employer's perception that an employee may not be able to work at its facility due to a restriction is insufficient as a matter of law to prove that the employer thought the employee was substantially limited in the major life activity of working. Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 703 (4th Cir. 2001); see also Rohan v. Networks Presentations LLC, 375 F.3d 266, 277 (4th Cir. 2002) ("That [the employer] regarded [the plaintiff] as unable to perform 'the specific role for which she was hired' is, standing alone, insufficient to establish a disability under subsection (2)(C).", quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999)).

For the reasons stated above, the court finds the plaintiff's objection to the Magistrate Judge's Report and Recommendation to be without merit.

After carefully reviewing the Report, objection, pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 23], and incorporates it herein. The plaintiff's objection to the Report is hereby overruled. Accordingly, the defendant's motion for summary judgment [Entry # 20] is **GRANTED**.

**IT IS SO ORDERED**.

                                         s/ R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

March 13, 2006
Florence, South Carolina